06-1148-pr
Parisi v. U.S.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued:  May 6, 2008                                                      Decided: June 13, 2008)

Docket No. 06-1148-pr

_____

JOHN PARISI,

*Petitioner-Appellant*,

*-v.-*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____



BEFORE:  WINTER, HALL, *Circuit Judges*, and OBERDORFER, *District Judge.**

_____

Petitioner-Appellant John Parisi appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, J.), denying his petition for habeas corpus. This Court had granted Parisi a certificate of appealability on the question of whether his trial counsel was ineffective in failing to move for dismissal of the indictment with prejudice based on

---

* The Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

the use of a joint stipulation by the parties, later so-ordered by the district court, to effect an "ends-of-justice" continuance under the Speedy Trial Act. Despite our concern that stipulated ends-of-justice continuances may not be consistent with *Zedner v. United States*, 547 U.S. 489 (2006), where the Supreme Court reinforced the importance of the district court's obligation independently to find that the ends of justice outweigh the defendant's and public's interest in a speedy trial, we find that Parisi's attorney was not unconstitutionally ineffective in failing to anticipate *Zedner* and the potential for an extension of its holding to stipulated continuances. Accordingly, we AFFIRM the judgment of the district court.

_____

Brian Sheppard, New Hyde Park, New York, *for Petitioner-Appellant*.

Brenda K. Sannes, Assistant United States Attorney (Thomas Spina, Jr., Assistant United States Attorney, *on the brief*), *for* Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, New York, *for Respondent-Appellee*.

_____

HALL, *Circuit Judge*:

Petitioner-Appellant John Parisi appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, J.), denying his petition for habeas corpus. This Court had granted Parisi a certificate of appealability on the question of whether his trial counsel was ineffective in failing to move for dismissal of the indictment with prejudice based on the use of a joint stipulation by the parties, later so-ordered by the district court, to effect an "ends-of-justice" continuance under the Speedy Trial Act. Despite our concern that stipulated ends-of-justice continuances may not be consistent with *Zedner v. United States*, 547 U.S. 489 (2006), where the Supreme Court reinforced the importance of the district court's obligation

2

independently to find that the ends of justice outweigh the defendant's and public's interest in a speedy trial, we find that Parisi's attorney was not unconstitutionally ineffective in failing to anticipate *Zedner* and the potential for an extension of its holding to stipulated continuances. Accordingly, we AFFIRM the judgment of the district court.

## BACKGROUND

### I. Parisi's Conviction

In the spring of 2000, law enforcement began investigating Parisi, who owned and operated subscription-based pornographic websites, after agents found sexually explicit images that appeared to be of underage girls. During the course of the investigation, law enforcement executed a search warrant and seized media containing sexually explicit images of minors. On February 5, 2001, the Government filed a criminal complaint charging Parisi with five counts of using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, 18 U.S.C. § 2251(a). The Government also filed a separate complaint charging Parisi's wife, Melody, with three counts of the same offense. Parisi was arrested, and shortly thereafter he was released on bond. Almost 200 days later, on August 15, 2001, the Government indicted Parisi for eighteen offenses.

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The statute excludes several periods of time from the thirty-day limit, and among the periods excluded is

> [a]ny period of delay resulting from a continuance granted by any judge on his own
>
> motion or at the request of the defendant or his counsel or at the request of the attorney

3

for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A).

Between February 5, 2001 and August 15, 2001, the district court entered three § 3161(h)(8) "ends-of-justice" continuance orders. In all three instances, the district court "so-ordered" a "Stipulation/Order" filed by the parties. Each such agreement stated that the parties stipulated to an exclusion of time from speedy trial computations. Each one also included a stipulated explanation of the need for additional time:

> February 16, 2001 (60 days): "to allow defense counsel the opportunity to review evidence which is in the possession of the United States, to consider the charges herein, and to continue further discussions regarding a change of plea for his client."
>
> April 16, 2001 (60 days): "to negotiate a disposition of the charges against the defendant."
>
> June 20, 2001 (60 days): "to negotiate a disposition of the charges against the defendant."

Finally, following the text of the above explanation and before the signatures of the parties' attorneys, each Stipulation/Order stated that "the ends of justice to be served by the granting of said continuance will outweigh the interest of the public and of the defendant in a speedy trial."

On September 3, 2003, Parisi pleaded guilty to three counts of producing sexually explicit images of minors, one count of advertising child pornography, and one count of tampering with a witness. In return for Parisi's guilty plea, the Government withdrew the other thirteen charges and charged Parisi's wife with only a single violation. Under a separate heading labeled "Waiver of Appeal and Collateral Attack," the plea agreement stated that Parisi "understands the extent of

4

his rights to appeal, and/or to collaterally attack his conviction and sentence in this case," and further that he "waiv[ed] any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 151 months or less." The district court sentenced Parisi principally to 150 months' incarceration.

## II. Procedural Posture

In May 2004, acting pro se, Parisi petitioned for habeas corpus relief. He argued, inter alia, that his counsel had been ineffective for failing to raise a Speedy Trial Act claim based on the fact that "[i]t took over one-hundred and eighty days to indict me after the initial arrest."

The district court denied Parisi's petition on all grounds. Although the court believed that all of Parisi's ineffective assistance claims, including his Speedy Trial Act claim, "would fail on the merits under the rigorous scrutiny of the *Strickland* Test," it did not address the Speedy Trial Act claim at any length because it determined that that claim did not survive the plea agreement's appeal waiver.

After the district court denied Parisi's pro se request for a certificate of appealability on multiple issues, including the Speedy Trial Act claim, Parisi renewed his request before this Court. He argued that *Zedner v. United States*, 547 U.S. 489 (2006), which issued after Parisi's plea, made clear that his attorney had been ineffective. This Court granted Parisi a certificate of appealability on two issues: first, whether "Parisi's plea agreement or sentence, or both, are valid in light of this Court's decision in *United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004)";[1]

---

[1] In *United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004), this Court, for the first time, held that the punishment for a violation of certain child pornography statutes is *either* a fine, a ten-year mandatory minimum sentence, *or both*. *Id.* at 105. Prior to *Pabon-Cruz*, some district courts had read the statute to require both a fine and a ten-year mandatory minimum

5

and second, whether "trial counsel was ineffective for failing to move to dismiss the indictment based on violations of the Speedy Trial Act."

## DISCUSSION

On appeal of a district court's denial of habeas relief, we review its legal determinations de novo and its factual determinations for clear error. *Sapia v. United States*, 433 F.3d 212, 216 (2d Cir. 2005).

## I. Waiver

We first consider whether Parisi's guilty plea and plea agreement prohibit us from reaching the merits of his ineffective assistance claim. "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996). A plea agreement containing a waiver of appeal rights has the same effect. *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). Such waivers extend to any claims involving an "alleged violation of the Speedy Trial Act" because a violation of the Act is nonjurisdictional. *Coffin*, 76 F.3d at 497. To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, *United States v. Da Cai Chen*, 127 F.3d 286, 289-90 (2d Cir. 1997), because "the advice he received from counsel was not within acceptable standards," *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997) (internal quotation marks and alteration omitted).

---

sentence. *Id.* at 97. Parisi has abandoned his *Pabon-Cruz* claim on this appeal.

The Government contends that Parisi has not met this burden because he has not explained how his attorney's failure to raise a Speedy Trial Act claim affected his decision to plead guilty. The district court agreed with the Government on this point. In response, Parisi argues that his attorney's "ineffectiveness produced Parisi's entry into the plea agreement; for if counsel had been effective, the indictment would have been dismissed with prejudice, and therefore there would have been no plea agreement." (Reply Br. at 3)

We agree with the Government that much of Parisi's argument misses the point because it focuses on pre-plea events rather than the plea agreement process. In challenging the ineffectiveness of counsel in connection with a plea agreement, a defendant is challenging "the constitutionality of the *process* by which he waived [his right to appeal]." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (emphasis added); *see also Frederick v. Warden*, 308 F.3d 192, 195 (2d Cir. 2002) (describing such a challenge as "an attack on the validity of *the process* by which the waiver has been procured" (emphasis added)); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (allowing defendant, despite appeal waiver, to raise a claim involving the "ineffective assistance of counsel in connection with *the negotiation of a cooperation agreement*" (emphasis added)). Parisi's challenge, which rests on his assertion that an effective lawyer would have successfully obtained dismissal of his case, does not relate to the process by which Parisi agreed to plead guilty. He urges us to allow his claim, despite its reliance on events prior to the plea negotiation rather than the negotiation itself, based on the theory that an effective lawyer would have changed Parisi's strategic bargaining position pre-plea. Parisi would have this Court turn its gaze away from the plea process and toward the multitude of ways in which pre-plea events might reduce the strength of the defense and worsen the defendant's bargaining power vis-à-vis the prosecutor. We decline that invitation.

Everything that occurs prior to a guilty plea or entry into a plea agreement informs the defendant's decision to accept or deny the agreement. An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns "the advice [the defendant] received from counsel," *Torres*, 129 F.3d at 715-16 (internal quotation marks omitted). Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does. *Cf. Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005) (finding ineffective assistance of counsel where attorney breached her "professional obligation to adequately inform her client about the considerations that are relevant to her client's decision to accept or deny a plea bargain"). Otherwise, if a purported failure to enhance the defendant's case were sufficient by itself to overcome an appeal waiver, many ineffective assistance claims would be cognizable despite the guilty plea and notwithstanding the waiver.

The weakness of Parisi's argument does not, however, end the inquiry. Parisi was acting pro se both before the district court and on this appeal, and accordingly we must read his submissions broadly so as to determine whether they raise any colorable legal claims. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002). We find that Parisi's submissions can be read as raising the claim that his attorney was ineffective in advising him to accept the plea agreement rather than advising him to move to dismiss the indictment with prejudice based on alleged Speedy Trial Act violations. This claim survives the appeal waiver because, by focusing on the advice Parisi received from his attorney, it connects the alleged ineffectiveness of Parisi's attorney with the voluntary nature of his plea. *See United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995) (per curiam) (allowing ineffective assistance claim based on failure to move to dismiss counts as time-barred to proceed, despite guilty plea, because "Hansel's waiver of the time-bar

8

defense cannot be deemed knowing and intelligent" as "he would not have pled guilty to counts that he *knew* to be time-barred" (emphasis added)).

## II. Merits of the Ineffective Assistance Claim

At the heart of Parisi's ineffective assistance claim is his assertion that the ends-of-justice continuances ordered by the district court were invalid because the district court did not conduct an independent inquiry into whether the delay promoted the ends of justice. Parisi's other arguments are all based on this foundational assertion: because the district court did not make an independent determination, the continuances were invalid; therefore, those time periods should not have been excluded from the time limits; Parisi's trial counsel should have recognized the problem and advised Parisi not to accept the plea agreement and instead to move for dismissal; and Parisi's decision to sign the plea agreement and plead guilty was involuntary because it was made without the benefit of that advice.

The Speedy Trial Act provides for an ends-of-justice continuance, but it requires that the district court "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The Supreme Court recently described the requirement that the district court make such findings as "categorical" and held that "if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted." *Zedner v. United States*, 547 U.S. 489, 508 (2006). There, after indictment and at the urging of the district court, the defendant had signed a form waiving all Speedy Trial Act claims in advance. *Id.* at 494-96. The Court held that defendants cannot prospectively waive the Act, which does not provide for "exclusion on the grounds of mere consent or waiver," because the

9

Act was designed to protect both "a defendant's right to a speedy trial" and "the public interest." *Id.* at 500-01.

*Zedner*, which issued more than two years after Parisi pleaded guilty and more than five years after the district court ordered the continuances at issue in this appeal, thus serves as a reminder that the district court has an obligation independently to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. Parisi raises a strong argument that this independent determination did not occur here. Each Stipulation/Order began with the words "It is hereby stipulated, by and between the parties to this action." Following that opening declaration, each Stipulation/Order contained an explanation of the length of the continuance, the "purpose of this additional time," and the claim that "the ends of justice to be served by the granting of said continuance will outweigh the interest of the public and of the defendant in a speedy trial." After these explanations and assertions, each Stipulation/Order was signed by the Assistant United States Attorney handling the case and by Parisi's attorney. A line of asterisks appeared below these signatures as an indication of separation, and below the separation line appeared the words "[i]t is so ordered" and the signature of the magistrate.

From the form of the Stipulation/Orders, it is not entirely clear whether the district court made its own ends-of-justice findings or even whether it signed off on those to which the parties had purported to stipulate. We are troubled by the uncertainty in this regard, for—as established by the Supreme Court in *Zedner*—the mere agreement of the Government and the defendant to the continuance does not satisfy the requirements of the Act. The Speedy Trial Act protects more than the defendant's interests; it also protects the "the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner*, 547 U.S. at

10

501. The ends-of-justice determination is, therefore, entrusted to the court, not the parties, and the parties cannot stipulate to its satisfaction as a substitute for the district court's finding to that effect. We find in the three Stipulation/Orders here evidence tending to indicate an abdication of this responsibility by the court and an assumption of unwarranted authority by the parties.

Troubling as we find these indications that the district court may not have made its own ends-of-justice determination, we need not resolve whether they are serious enough to constitute a violation of the Act. Because Parisi raises an ineffective assistance claim, he must "(1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms'; and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005) (citations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)); *see also United States v. Abad*, 514 F.3d 271, 275 (2d Cir. 2008) (applying *Strickland* test to defendant's claim that "his trial counsel was ineffective because his counsel failed to move to dismiss the indictment on speedy trial grounds"). This test "is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on it." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (internal quotation marks and brackets omitted).

With respect to the first prong, which asks whether the attorney's conduct was objectively unreasonable, we are mindful of the diversity of the bar and the variety of approaches effective attorneys might employ when dealing with a particular set of facts. To give appropriate deference to counsel's independent decisionmaking, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Another familiar risk is that, in the illuminating light of hindsight, we might look back and project ex post knowledge of consequences on the attorney's ex ante selection of one path among the many available to him. To counteract this inclination to evaluate counsel's

11

performance against insight gained only through the passage of time, *Strickland* requires that "[w]hen assessing whether or not counsel's performance 'fell below an objective standard of reasonableness . . . under prevailing professional norms,'" we must "consider the circumstances counsel faced at the time of the relevant conduct and . . . evaluate the conduct from counsel's point of view." *Davis*, 428 F.3d at 88 (quoting *Strickland*, 466 U.S. at 688-89) (first ellipsis in original).

Parisi has not demonstrated, from his attorney's perspective at the time, that it was objectively unreasonable not to bring a motion to dismiss on Speedy Trial Act grounds. *Zedner*, with its reinforcement of the categorical nature of the ends-of-justice requirement, issued years after Parisi pleaded guilty. Even now, on this appeal, the question of whether the three Stipulation/Orders violated the Act remains an open question, one not yet squarely decided either by *Zedner* or this Circuit. If we were to decide that the Stipulation/Orders employed by the parties and the court here should not have operated so as to exclude the period of delay from the limitations imposed by the Speedy Trial Act, in reaching that conclusion we would be articulating law on a previously unaddressed question. Under *Strickland*, we must "consider the circumstances counsel faced at the time of the relevant conduct, *Davis*, 428 F.3d at 88, and Parisi has not persuaded us that his attorney erred in not anticipating such a development in the law.[2]

**CONCLUSION**

For the reasons stated, we AFFIRM the judgment of the district court.

---

[2] On this appeal, Parisi also sought to raise a new claim based on post-indictment continuances. Even if we were to allow Parisi to raise that claim for the first time on this appeal, it would fail for the same reasons.