07-3543-pr
Sharpley v. U.S.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand nine.

Present:
> AMALYA L. KEARSE,
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
>
> > *Circuit Judges*.

_____

ROD M. SHARPLEY,

> *Petitioner-Appellant*,

> v.                                                  No. 07-3543-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

_____

For Appellant: SALLY WASSERMAN, New York, N.Y.

For Appellee: PAUL D. SILVER (Thomas Spina, Jr., *on the brief*), Assistant United States Attorneys, *for* Andrew T. Baxter, United States Attorney for the Northern District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-Appellant appeals from the district court's denial of appellant's habeas petition. On December 6, 2007, this Court granted a certificate of appealability as to three discrete issues, which we discuss *seriatim*. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

As an initial matter, though the underlying plea agreement's waiver of appeal and collateral attack would ordinarily preclude review, a defendant "who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea." *United States v. Couto*, 311 F.3d 179, 187 (2d Cir. 2002) (quotation marks and citation omitted). To the extent that the appellant's claim here is based on allegedly defective advice from his defense attorney to plead guilty, "it connects the alleged ineffectiveness of [defendant's] attorney with the voluntary nature of his plea." *Parisi v. United States*, 529 F.3d 134, 139 (2d Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S. Ct. 1376 (2009). Since a plea is not valid if it is not, *inter alia*, intelligent and voluntary, *see Hill v. Lockhart*, 474 U.S. 52, 56 (1985), this Court can, therefore, properly adjudicate this appeal.

2

We review the district court's denial of habeas relief *de novo* on its legal determinations and for clear error on its factual determinations. *Parisi*, 529 F.3d at 137. Since a claim of ineffective assistance of counsel is a mixed question of law and fact, this Court reviews the claim *de novo*. *LoCascio v. United States*, 395 F.3d 51, 54 (2d Cir. 2005).

As articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), it is well established that demonstrating constitutionally defective representation requires the appellant to satisfy an extremely difficult standard. As this Court recently stated, "the great majority of habeas petitions that allege constitutionally ineffective counsel founder on [this standard]." *Parisi*, 529 F.3d at 141 (internal quotation marks and citation omitted). Since there is a "strong presumption" in favor of the reasonableness of defense counsel's representation, *Strickland*, 466 U.S. at 689, this Court is mindful of its obligation to avoid unduly second guessing defense counsel's decisions with the benefit of hindsight.

As to appellant's allegations of violations of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, the Court's recently-decided case, *Parisi v. United States*, is dispositive. The question presented here – whether stipulated "ends-of-justice continuances" so-ordered by the district judge constitute a violation of the Speedy Trial Act – is virtually identical to the question presented in *Parisi*. *See* 529 F.3d at 136. Indeed, the stipulated continuances at issue[1] are of the

---

[1] They are: dated October 3, 2002 for 15 days ("The reason for said extension is because the defense has not yet seen all the discovery material, such as the applications for the search warrants, and other relevant material."); October 17, 2002 for 90 days ("The purpose for said exclusion is because the defendant is facing charges in two jurisdictions and additional time is needed to review the evidence and to discuss a possible disposition of the charges against the defendant."); January 14, 2003 for 90 days ("[A]dditional time is needed because a new indictment and a superceding [sic] indictment charging various firearms offenses have been filed."); April 17, 2003 for approximately 44 days ("The purpose for said exclusion is that defendant has released his former attorney and a new attorney is scheduled to be appointed and will need additional time to prepare for trial."); and August 20, 2003 for 90 days (additional time

same variety as those at issue in *Parisi*, *see id.* at 136-37, and were, in fact, issued by the same district court. And, as in *Parisi*, *see id.* at 141, defense counsel here cannot be faulted for having failed to anticipate the later-decided case, *Zedner v. United States*, 547 U.S. 489 (2006), which held that parties cannot exclude time under the Speedy Trial Act through consent or waiver.

Though we remain troubled by the uncertainties these continuances present, *see Parisi*, 529 F.3d at 140, because there are no substantively novel circumstances in this appeal that we have not already considered in *Parisi*,[2] we again find that we "need not resolve whether [the problems posed by the continuances] are serious enough to constitute a violation of the [Speedy Trial] Act." *Id.* at 140. Rather, we determine in accordance with the rigorous standard in *Strickland*, that appellant "has not demonstrated, from his attorney's perspective at the time, that it was *objectively* unreasonable not to bring a motion to dismiss on Speedy Trial Act grounds," *id.* at 141 (emphasis added). Indeed, this was the conclusion of the district court below, which we now affirm. *See Sharpley v. United States*, 499 F. Supp. 2d 208, 212-13 (N.D.N.Y. 2007). In light of *Parisi*, appellant cannot rest his ineffective assistance of counsel claim on an alleged violation of the Speedy Trial Act.

Appellant next argues that he received ineffective assistance of counsel because defense counsel should have sought dismissal of the indictment on a theory that the Government had "manufactured" jurisdiction over the pornography charges. We find, however, that the record

_____

for evidence examination and trial preparation; exploration of plea options; examination of potential impact of new state charges; exploration of possibility of cooperation with the Government). A. 75-87.

[2] The only difference – that the continuances excluding time here were entered post-indictment while the continuances in *Parisi* were entered pre-indictment – is purely technical and does not affect our analysis. *See Parisi*, 529 F.3d at 141 n.2 ("Even if we were to allow Parisi to raise [claims based on post-indictment continuances], it would fail for the same reasons.").

more than adequately supports the district court's finding that "the evidence of [Sharpley's] guilt is so great, there is no reasonable probability [he] would not have pled guilty." *Sharpley*, 499 F. Supp. 2d at 213. Appellant insists that the recorded conversations in which he arranges with the confidential informant ("CI") to surreptitiously film minor girls changing into bathing suits and then film himself having sex on tape with the CI's thirteen-year-old daughter reveal that, apart from the CI's ensnaring suggestions, nothing Sharpley himself was contemplating would have triggered the statute at issue. The statute forbids sexual exploitation of children, *see* 18 U.S.C. § 2251(a), including "lascivious exhibition of the[ir] genitals or pubic area[s]," *id.* § 2256(2)(A)(v). This interpretation, however, requires us to adopt a distorted perspective on the recorded exchanges. A less blinkered reading of the transcripts reveals that appellant is palpably keen to secure his prized mise-en-scène as evidenced by his repeated admonitions to the CI not to disturb the careful placement of the video camera, his reminders to "make sure that light is on" and to turn the camera on "just before they start, coming in, changing," his many admonitions to the CI to remind the girls not to change into their bathing suits before arriving at the house where Appellant was setting up the camera (*see* A. 115, 115-16, 117, 130, 141), and Appellant's statement that in replaying the tape he could "zoom in" as he wished. Appellant's prurient inquiries into what the CI "wants to see" hardly render him a passive figure. Indeed, taken within the context of the overwhelmingly sexual nature of the exchanges as a whole, we cannot credit appellant's contention that he was merely a passive participant, goaded into criminal activity by the CI. We conclude, therefore, that appellant cannot rest his claim of ineffective assistance of counsel on an allegation of manufactured jurisdiction.

Finally, with respect to the claim of actual innocence regarding the felon-in-possession charge, we conclude that the Government has adequately demonstrated constructive possession

5

of the firearms. A felon-in-possession conviction is sustainable under a theory of constructive possession. *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002). "[C]onstructive possession 'exists when a person has the power and intention to exercise dominion and control over an object, [which] may be shown by direct or circumstantial evidence.'" *Id.* (quoting *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998)). Moreover, such possession need not be exclusive and can be proven by circumstantial evidence. *Id.*, 295 F.3d at 300; *see also United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006) (constructive possession demonstrated by ownership, dominion and control of the firearm itself or dominion and control over the premises in which the item is found, the evidence of which must support at least a plausible inference that the defendant had knowledge of and access to the weapon).

In the case at bar, there is sufficient evidence of dominion and control of the weapons recovered from the residence in Troy, New York. The plea agreement states that these firearms were found in appellant's "home" in Troy and such statements were sworn to as factually accurate. Moreover, this is the very residence in which the evidence supporting the conviction for child pornography was also recovered from appellant's computer equipment. That the home was not used exclusively by appellant or that appellant's mother owned the firearms are of no moment since neither fact undermines the plausible inference that appellant had knowledge of, access to, and control over the weapons in question. Where the Government has met its burden to demonstrate constructive possession, there can be no claim of ineffective assistance of counsel for failing to seek dismissal of the felony possession charges for actual innocence.

For the foregoing reasons, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

6