09-0414-pr
Sylvester v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

Present:     JOSEPH M. McLAUGHLIN,
                       *Circuit Judge,*
                DENNY CHIN,[*]
                       *District Judge.*[**]

_____

KLIVILAND SYLVESTER,

                  *Petitioner-Appellant*,

                  -v-                                                    (09-0414-pr)

UNITED STATES OF AMERICA,

                  *Respondent-Appellee.*

_____

[*] The Honorable Denny Chin, United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for Petitioner-Appellant:   Jonathan I. Edelstein, Law Office of Jonathan I. Edelstein, New York, N.Y. (Kliviland Sylvester, pro se, *on the brief*).

Appearing for Respondent-Appellee:   Katherine Polk Failla, Assistant United States Attorney for the Southern District of New York (Michael Q. English, Assistant United States Attorney, *on the brief*)

Appeal from the United States District Court for the Southern District of New York (McKenna, *Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Petitioner Kliviland Sylvester appeals from an order of the district court, entered on November 17, 2008, denying his 28 U.S.C. § 2255 motion to vacate his plea of guilty to a two-count indictment. Count One charged him with distribution and possession with the intent to distribute more than 50 grams of "crack" cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); Count Two charged him with using, carrying, and possessing a firearm during and in furtherance of a drug offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). In his petition, Sylvester seeks to vacate his guilty plea on the ground of ineffective assistance of counsel. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

To prevail on an ineffective assistance of counsel claim, the petitioner must show (1) that defense counsel's representation "fell below an objective standard of reasonableness"; and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that there are countless ways to provide effective assistance in any given case and that even the best criminal defense attorneys would not

defend a particular client in the same way." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (alterations and internal quotation marks omitted).

Sylvester's ineffective assistance of counsel argument primarily concerns his guilty plea as to Count Two of the indictment. Sylvester asserted initially that his trial counsel failed to conduct a proper investigation into the audio recordings that were made during Sylvester's meetings with the Government's confidential informant, and that if counsel had listened to the recordings he would have known they contained no discussion regarding the sale or possession of a firearm. Moreover, Sylvester asserts, the contents of the audio recordings would have opened the witness to credibility challenges on cross-examination. In light of this, trial counsel's advice that the informant's testimony at a potential trial, standing alone, would have sustained a conviction was erroneous. Sylvester further claims that, had he been apprised of this weakness in the Government's case on Count Two, he would not have taken his counsel's advice to accept the Government's plea offer, and would have chosen to go to trial. Because his counsel's advice was uninformed, Sylvester argues, his guilty plea, including the waiver of his right to appeal, was not knowing and voluntary.

The district court denied Sylvester's petition on the ground that had there been a trial, the informant's testimony alone would have been sufficient to sustain a conviction. Thus, the district court reasoned, the audio recordings were simply irrelevant.

We assume, without deciding, that Sylvester did not waive his right to challenge his plea based on ineffective assistance of counsel, *see Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008), and we note that, contrary to the Government's contentions, ineffective assistance of counsel claims may be raised for the first time in a § 2255 petition, *see Massaro v. United States*, 538 U.S. 500, 504 (2003).

Section 2255 provides for a hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). We have recognized that a district court has a "wide variety of tools available to it in developing the record during habeas proceedings," *Pham*, 317 F.3d at 180, and, rather than holding an evidentiary hearing, may "decid[e] disputed facts on the basis of written submissions," *id.* at 184.

The record in this case was more than sufficient to resolve the disputed factual issues without a hearing, *see Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001), and supported denial of Sylvester's petition, *see id.*; *see also* 28 U.S.C. § 2255(b). The district court properly recognized that had the matter proceeded to trial and the Government chosen to call its confidential informant to testify that Sylvester sold him a firearm and was carrying a firearm during the drug sale—which the Government proffered it would have done—that testimony alone could form the basis of a conviction. Such is the law in this Circuit. *See United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993). Thus, Sylvester's trial counsel did not err in providing him with advice to the same effect.

Moreover, the record reflects that the Government believed it had sufficient evidence to charge Sylvester with additional counts of narcotics possession and firearm possession, and also could have sought sentencing enhancements based on Sylvester's prior convictions—avenues the Government likely would have pursued absent a plea arrangement. The Government also intended to present evidence that Sylvester had admitted to the acts alleged in both counts of the indictment. In the face of this, the advice of trial counsel to plead guilty was not "below an objective standard of reasonableness," so as to make the assistance constitutionally ineffective. *See Strickland*, 466 U.S. at 688. This would be true even assuming Sylvester were correct that

his counsel did not fully investigate the contents of the audiotapes since "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690-91. In fact, as defense counsel acknowledged and the Government represented at oral argument, Sylvester is indeed heard on the audio recordings discussing a gun. Thus, trial counsel's conduct "falls within the wide range of reasonable professional assistance." *Aguirre*, 912 F.2d at 560 (internal quotation marks omitted).

Because we agree with the district court that Sylvester did not receive constitutionally deficient performance from his counsel, we need not reach the question of whether Sylvester was prejudiced by the advice he received. *See Strickland*, 466 U.S. at 687.

We have reviewed Sylvester's remaining claims and find them to be without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk