11-2545-cr (CON)
*U.S.A. v. Cabrera, et al.*,

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fourteen.

Present:       John M. Walker,
               Peter W. Hall,
                         *Circuit Judges*,

               J. Garvan Murtha,[*]
                         *District Judge*.

───────────────────────────────────────────────

United States of America,

                 *Plaintiff-Appellee*,

          v.                                    Nos. 11-415-cr (L)
                                                     11-2545-cr (CON)

Dontai Cabrera, AKA Dante Cabrera, *et al.*,[1]

                 *Defendants-Appellants*,

Orlando Bermudez, AKA Jesus, Tyshiem Topping, AKA Tyshiem Toppoing, Wayne Thompson, AKA Weezie,
                 *Defendants*.

───────────────────────────────────────────────

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.
[1] The appeals of defendants Maurice Patterson, Jamar Miller, and Tyrone Oldyn were dismissed. *See* Order, *United States v. Patterson, et al.*, No. 11-415-cr (2d Cir. Jan. 22, 2013), ECF No. 197; Order, *United States v. Miller, et al.*, No. 11-613-cr (2d Cir. Sept. 23, 2013), ECF No. 96.

FOR APPELLANTS:          ALAN SEIDLER, New York, New York.

FOR APPELLEES:           RYAN P. POSCABLO, Assistant United States Attorney, and
                         Brent S. Wible, Assistant United States Attorney, *for* Preet
                         Bharara, United States Attorney for the Southern District of
                         New York, New York, NY.

_____

Appeal from the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Appellant Dontai Cabrera pled guilty to conspiracy to distribute and possess with the intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 846 and discharging a firearm in furtherance of a conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal he argues that his sentence should be vacated because he failed to receive effective assistance of counsel. Specifically, Cabrera contends that his counsel was ineffective because he failed to (1) request an adjournment of the trial; (2) file any pre-trial motions; (3) file proposed voir dire questions or requests to charge and to prepare for trial; (4) review the plea agreement with him prior to the plea allocution; (5) attend his presentence interview with the Probation office; and (6) file any objection to the presentence report. We assume the parties' familiarity with the facts and record of prior proceedings.

Cabrera's plea agreement contained a plea waiver, which states in pertinent part,

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 241 to 271 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

Many of Cabrera's arguments miss the point, and cannot avoid the plea waiver, because they focus on pre-plea and post-plea events rather than the plea agreement process. Indeed, we have held that in order "[t]o raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, because the *advice* he received from counsel was not within acceptable standards." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis added, internal quotation marks and citations omitted). Only one of Cabrera's contentions, namely his conclusory allegation that his counsel failed to review the agreement with him prior to executing the plea agreement, tangentially implicates the knowing and voluntary nature of Cabrera's plea decision.

A review of the record belies a conclusion that Cabrera's waiver of appellate rights was a product of counsel's ineffective assistance or that it was otherwise invalid. At the plea allocution, Judge Rakoff asked Cabrera whether he was satisfied with counsel's representation, whether he had an opportunity to discuss the plea agreement and charges with his counsel, whether he was pleading guilty voluntarily, and whether he understood that he was giving up the right to appeal or challenge his sentence. Cabrera answered these questions in the affirmative. A defendant's statements during the plea colloquy are not to be taken lightly because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

We conclude on the record before us that Cabrera cannot appeal his sentence because he has failed to offer a meritorious argument that would overcome his plea agreement waiver. *See United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004) ("[I]f the merits of the ineffective-

3

assistance-of-counsel claim cannot be determined on the basis of the record on appeal, it is appropriate to enforce the appeal waiver and dismiss the appeal.").  In so ruling we specifically refrain from deciding this issue or any other that may be raised in collateral proceedings via 28 U.S.C. § 2255 or otherwise.  Accordingly, the appeal is hereby **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk