14-4035-cr
*United States v. Staples*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

Present:     RALPH K. WINTER,
             PETER W. HALL,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                              No. 14-4035-cr

RYAN STAPLES,

                  *Defendant-Appellant*.

_____

For Defendant-Appellant:     JOHN S. WALLENSTEIN, Esq., Law Office of John S. Wallenstein, Garden City, NY.

For Appellee:                STEVEN D. CLYMER (Katherine Kopita, *of counsel*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

_____

1

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment of the district court is **DISMISSED**.

Defendant-Appellant Ryan Staples pled guilty pursuant to a plea agreement to three counts of production of child pornography in violation of 18 U.S.C. § 2251(a), (e). The plea agreement contained an appeal waiver which provides:

> **Waiver of Rights to Appeal and Collateral Attack:** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack:
> a) The convictions resulting from the defendant's guilty plea;
> b) Any sentence to a term of imprisonment of 90 years or less;
> c) Any sentence to a fine within the maximum permitted by law;
> d) Any sentence to a term of supervised release within the maximum permitted by law;
> e) Any order of forfeiture or restitution imposed by the Court that is consistent with governing law and is not contrary to the terms of this agreement.
> Nothing in this appeal waiver is meant to be or should be construed as a representation of or agreement concerning the appropriate sentence in this case.
> J.A. 20.

On October 14, 2014, the district court imposed a sentence consisting, *inter alia*, of consecutive terms of 30 years' imprisonment on each count, the statutory maximum, for a total sentence of 90 years' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented on appeal.

Staples argues on appeal that his attorney was ineffective in counseling him to plead guilty pursuant to the plea agreement. Therefore, he contends, he should not be bound by the appeal waiver, and he should also be permitted to assert both that his counsel was ineffective in representing him in connection with his sentencing and that the sentence he received was

2

unreasonable. The government responds that Staples has waived his right to appeal and the appeal should therefore be dismissed.

As agreed with government counsel at oral argument, however, the appeal waiver cannot bar Staples from challenging his attorney's effectiveness in advising him to plead guilty and thus be subject to the waiver in the first instance. "This claim survives the appeal waiver because, by focusing on the advice [the defendant] received from his attorney, it connects the alleged ineffectiveness of [the] attorney with the voluntary nature of his plea." *Parisi v. United States,* 529 F.3d 134, 139 (2d Cir. 2008) (citing *United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995) (per curiam)). The question then becomes whether we consider that challenge on the record before us. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may [] decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255." *United States v. Morgan*, 386 F.3d 376, 383 (2d Cir. 2004) (internal quotation omitted). We are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004). We see no reason here to vary from our usual practice, and accordingly we will not address on appeal Staples' claim that he received ineffective assistance of counsel in connection with entering his guilty plea.

Because we decline to consider that claim and because Staples does not otherwise challenge the validity of the appeal waiver, we dismiss the appeal. We make clear, as we did at oral argument, that our ruling to this effect does not foreclose Staples from asserting in a collateral proceeding pursuant to 28 U.S.C. §2255 that his counsel was ineffective in advising him to enter the plea agreement (including the appeal waiver) pursuant to which he has been sentenced and thus that his entry into that agreement was involuntary. *See Parisi*, 529 F.3d at

3

139. We express no view with respect to how such challenge, if it is advanced, should be resolved.

The appeal is DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK