NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018
Decided November 14, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1342

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 17-CR-40035-JPG-1 |
| ROBERT TURNER, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Robert Turner pleaded guilty to two counts of distribution of methamphetamine and one count of possession with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851. He was sentenced within the range recommended by the Sentencing Guidelines to three concurrent terms of 264 months' imprisonment and ten years' supervised release. Turner filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Turner has responded to counsel's motion. See Cɪʀ. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve, and so we limit our review to the subjects that she and Taylor discuss. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that she consulted with Turner and that he does not wish to challenge or withdraw his guilty plea, so she properly avoids discussing the voluntariness of the plea or the adequacy of the plea colloquy. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel next says that she reviewed the district court's guidelines calculations but did not find even a potential claim to discuss. Turner proposes arguing that his prior offenses for distributing less than 5 grams of substances containing methamphetamine did not qualify as predicates for career-offender status, see U.S.S.G. § 4B1.1, but this argument would be frivolous because each drug offense was punishable by more than one year of imprisonment. See U.S.S.G. § 4B1.2(b); 720 ILCS 646/55 (defining delivery of up to 5 grams of substance containing methamphetamine as a Class 2 felony); 730 ILCS 5/5-4.5-35 (Class 2 felonies punishable by sentence of 3 to 7 years).

Counsel does consider whether Turner could challenge his prison sentence as unreasonable, but she appropriately rejects this potential argument as frivolous. Turner's sentence is within the guidelines range (just two months above the low end) and thus we may treat it as presumptively reasonable, see *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel found no reason to disturb that presumption. Moreover, the court adequately assessed the factors in 18 U.S.C. § 3553(a), noted Turner's long criminal history, and reasonably concluded that a 264-month term was appropriate to reflect the need to deter criminal conduct ("[P]rior sentences haven't deterred you … I'm surprised these drugs haven't killed you. … How is this going to change?") and protect the public ("When you get out you just continue to violate"). The court then confirmed on the record that all mitigation arguments had been addressed.

Counsel also considers whether Turner could argue that he received ineffective assistance of counsel but properly concludes, in light of her representation of Turner during his plea and sentencing, that such a claim should be brought in a collateral action so that a fuller record can be developed. *United States v. Stokes*, 726 F.3d 880, 897–98 (7th Cir. 2013) (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)).

In his piecemeal Rule 51(b) submissions, Turner raises a number of challenges to events occurring before his guilty plea. He contends, for instance, that his rights under the Speedy Trial Act, 21 U.S.C. § 3161(b), were violated because he was not indicted within 30 days of his arrest (in fact, he was indicted fifteen days before his arrest); that the search warrant that uncovered the drugs in his possession was invalid; and that in

the wake of *Carpenter v. United States*, 138 S. Ct. 2206 (2018), law enforcement violated the Fourth Amendment when it obtained digital information from his seized debit cards (by running these cards through a financial crimes system scanner) without a warrant or probable cause. But Turner's unconditional guilty plea waived non-jurisdictional defects that arose prior to the plea, *United States v. Adigun*, 703 F.3d 1014, 1019 (7th Cir. 2012); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including speedy-trial claims, see *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012); *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008); *Washington v. Sobina*, 475 F.3d 162, 165–66 (3d Cir. 2007); and Fourth Amendment claims. *Adigun*, 703 F.3d at 1019–22.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.