17-2568-cr
United States v. Root

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                      No.    17-2568

RYAN T. ROOT,

*Defendant-Appellant,*

KENT FLETCHER, RICHARD PROGOVITZ,
CALEB DOANE, DEREK STRASSLE, PAUL

BOYLAN, KYLE CLARK, MICHAEL GISONDI, JEREMIAH O'BRIEN, IGNACIO JAVIER GARCIA, AKA JASON GARCIA,

*Defendants.**

-----------------------------------------------------------------

FOR APPELLANT:                    Ryan T. Root, *pro se*, Otisville, NY.

FOR APPELLEE:                     Rajit S. Dosanjh & Steven D. Clymer, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ryan T. Root appeals from a judgment of the District Court (McAvoy, <u>J.</u>), sentencing Root principally to a term of 78 months' imprisonment following his guilty plea to conspiracy to possess a controlled substance with intent to distribute

---

* The Clerk of Court is directed to un-consolidate this case from 17-2364 and to amend the caption of this case as set forth above.

2

in violation of 21 U.S.C. §§ 841 & 846 and international money laundering conspiracy in violation of 21 U.S.C. § 1956(a)(2)(A) & (h).  Root's plea was entered pursuant to a plea agreement in which he agreed to waive his right to appeal his conviction and sentence, except for claims based on ineffective assistance of counsel, if the District Court imposed a sentence of 87 months' imprisonment or less.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.      The Validity of the Waiver

"[W]aivers of the right to appeal a sentence are presumptively enforceable." United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017) (quotation marks omitted). As relevant here, appeal waivers may be deemed unenforceable if "the waiver was not made knowingly, voluntarily, and competently," or if "the government breached the agreement containing the waiver."  Id. (quotation marks omitted).

First, Root argues that his appeal waiver was not knowing or voluntary because he was not informed that the District Court could adopt the higher offense level of 27 contained in the Presentence Investigation Report (PSR) instead of the

offense level of 23 contained in the parties' plea agreement. This argument is belied by the record. The plea agreement stated that "[t]he Court is neither a party to, nor bound by this Plea Agreement." Gov't App'x 21. The agreement also warned Root that "[a]ny estimate of the defendant's offense level . . . and sentencing guidelines range provided before sentencing is preliminary and is not binding on . . . the Court." Gov't App'x 23. In signing the agreement, Root "acknowledge[d] reading each of the provisions of this plea agreement with the assistance of counsel and underst[ood] its provisions." Gov't App'x 32. At his plea hearing, furthermore, Root stated that he spoke to his attorney about the plea agreement, that his attorney explained it to him, and that he understood it when he signed it. The District Court also advised Root that it was "not bound by any sentencing recommendation contained in the plea agreement." Gov't App'x 50. For these reasons, we reject Root's argument that he was not informed that the District Court may find a different offense level than the offense level contained in the plea agreement.

Second, Root claims that the Government breached the plea agreement by failing to advocate for the lower offense level contained in the plea agreement.

4

Because Root did not object, we review this claim for plain error. Puckett v. United States, 556 U.S. 129, 133–34, 143 (2009). The Government's sentencing memorandum stated that it "agree[d] with the calculations and the analysis set forth in the [PSR], which scores a total offense level [of] 27." Gov't App'x 55. But it acknowledged that it had "stipulated to an offense level of 26 before acceptance of responsibility credit in the plea agreement." Id. The sentencing memorandum then made clear that its "analysis is based upon that stipulated offense level for purposes of this sentencing alone." Id. At sentencing, the Government rested on its sentencing memorandum. The Government did not advocate for an offense level different than the level reflected in the parties' plea agreement. The Government thus complied with the plea agreement. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).[1] In any event, Root has not shown, to the

---

[1] The Government also advocated for a sentence at the "upper end of the Guidelines range . . . including a term of incarceration of 87 months," even though the Guidelines range for an offense level of 23 at criminal history category II is 51–63 months. Gov't App'x 54, 56. Although Root argues that this discrepancy resulted in a breach, this apparent mistake resulted in the Government in effect advocating for a sentence — namely 70–87 months — "above the applicable guidelines range." The plea agreement explicitly permitted the Government to do so. Gov't App'x 25 ("[T]his agreement does not prevent the government from . . . recommending that the Court impose a sentence above the applicable guidelines

extent that the Government breached the agreement, that the breach was "clear or obvious, rather than subject to reasonable dispute." Puckett, 556 U.S. at 135.

II.    Ineffective Assistance of Counsel Claims

Root also claims that his counsel was ineffective. To prevail on an ineffective assistance of counsel claim, Root must show (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Root first argues that his counsel was ineffective for "fail[ing] to negotiate against" the money laundering count, "where the charges are unsubstantiated and multiplicitous to" the distribution count. Root Reply Br. 11. To the extent Root challenges his counsel's negotiation skills, this claim is without merit, as "[a]n ineffective assistance of counsel claim survives the guilty plea . . . only where the claim concerns the advice [the defendant] received from counsel." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (quotation marks omitted). Even if Root's

range.").

6

attack on his lawyer's negotiating strategy was not waived by his guilty plea, see United States v. Lasaga, 328 F.3d 61, 63 (2d Cir. 2003), his argument is not persuasive.   Root argues that a money laundering conviction under 18 U.S.C. § 1956(a)(2)(A) requires conduct that is "analytically distinct from the underlying criminal activity that it promotes."   Root Br. 7.   But § 1956(a)(2)(A) contains no such requirement.   See 18 U.S.C. § 1956(a)(2)(A) (imposing liability on individuals who "transport[], transmit[], or transfer[]" monetary instruments from the United States to a place outside the United States "with the intent to promote the carrying on of specified unlawful activity"); Regalado Cuellar v. United States, 553 U.S. 550, 561 n.3 (2008); United States v. Piervinanzi, 23 F.3d 670, 680 (2d Cir. 1994).   Root's counsel was thus not ineffective for failing to raise this argument.

Next, Root claims that the money laundering and distribution conspiracy charges "merge," that certain Guidelines enhancements resulting from aspects of the drug conspiracy are "subsumed" within the base offense level, and that the Guidelines enhancement for a conviction under 18 U.S.C. § 1956 violates the Double Jeopardy Clause.   These claims are also without merit.   See United States v. Maloney, 406 F.3d 149, 152 (2d Cir. 2005); Piervinanzi, 23 F.3d at 679.   Root's

7

counsel was not ineffective for failing to raise them.

Finally, Root criticizes his counsel for not providing him with discovery and not objecting to his criminal history category. Root fails to describe the discovery he requested of counsel, and he raises his argument regarding his criminal history category only in his reply brief on appeal. These arguments are therefore abandoned. See Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 141 (2d Cir. 1999); Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

We have considered Root's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED. Root's motion to expedite the appeal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court