09-4685-pr
LaValle v. Artus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> RICHARD M. BERMAN
> > *District Judge*.[*]

---

STEPHEN LaVALLE
> *Petitioner-Appellant*,

-v.-                                                                No. 09-4685-pr

DALE ARTUS
> *Respondent-Appellee*.

---

> RICHARD WARE LEVITT, Levitt & Kaizer, New York, New York, for *Petitioner-Appellant*.
>
> MICHAEL J. MILLER, Assistant District Attorney, *on behalf of* Thomas J. Spota, District Attorney, Suffolk County, New York, for *Respondent-Appellee*.

---

[*] The Honorable Richard M. Berman, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 9, 2009 is AFFIRMED.

Petitioner Stephen LaValle appeals from the denial of his petition for the writ of habeas corpus, which sought relief from a New York state court conviction and judgment entered on July 17, 1999. *See* 28 U.S.C. § 2254. LaValle contends principally that, before the state trial court, he attempted to waive his right to counsel and instead proceed *pro se*, a request he further contends the state court failed to honor in violation of his rights under clearly established federal law. *Id.* § 2254(d)(1). We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

We review a denial of a petition for the writ of habeas corpus *de novo*. *Overton v. Newton*, 295 F.3d 270, 275 (2d Cir. 2002). Where, as here, the challenged state court decision "was adjudicated on the merits in state court proceedings," we affirm unless the petitioner can establish that those proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary" to clearly established law if a state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision amounts to an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts

2

of the prisoner's case." *Id.* at 413.

We detect no such decision in the state court proceedings challenged here. While it is well established that the Sixth Amendment right to counsel "implicitly embodies a correlative right to dispense with a lawyer's help," *Faretta v. California*, 422 U.S. 806, 814 (1975) (internal citations omitted), to do so, a defendant must "knowingly and voluntarily" waive the protections afforded through the assistance of appointed counsel, *id.* at 835. Accordingly, our law makes clear that a defendant who seeks to forego the assistance of counsel "must make a timely and *unequivocal* request" to the trial court to proceed *pro se*. *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir. 1994) (emphasis added).

LaValle contends that, at a series of three pre-trial hearings, he made such an "unequivocal request" to proceed *pro se*, which the state court, without inquiring further, summarily denied. We disagree. The primary focus of all three hearings was LaValle's refusal to accept his appointed counsel's proposed trial strategy, which was to concede LaValle's involvement in the crime but defend on the basis of his state of mind. He otherwise had no dissatisfaction with his appointed lawyers, and, indeed, described them as "great attorneys." His first choice was to retain those attorneys but have the trial court direct them to present the case in accordance with his preferred strategy of outright denial. Failing that, his second choice was to have new lawyers appointed who would adhere to LaValle's preferred strategy. Only if neither of those alternatives was available did LaValle wish, as his third choice, to represent himself. Indeed, he described self-representation as "my last option," adding "not that I want to" because "I know nothing about the law." Therefore, on this record, we are unable to discern a clear and "unequivocal" request to proceed to *pro se.*

Moreover, after the trial court honored the unequivocal request that LaValle *did* make – i.e.,

3

to have new attorneys appointed – by relieving LaValle's lead attorney and adding a new lawyer to LaValle's defense team, LaValle made no further reference to any desire to forego the assistance of counsel, instead expressing gratitude to the court and a willingness to proceed to trial.  Specifically, upon learning of the change, LaValle unequivocally told the trial court that he was "ready to proceed on the trial with [my new] lawyer" adding, when the trial court asked if he had anything further to say, "No, I'm just, I'm -- thank you."  As such, we see no basis in this record for concluding that the constitutional error articulated in *Faretta* occurred here,  *see Faretta*,  422 U.S. at 835-36 (constitutional violation occurs by "forcing [a defendant]" who has "unequivocally declared . . . that he wanted to represent himself and did not want counsel" to nonetheless "accept against his will a state-appointed public defender"), much less that the state court unreasonably applied the principles enunciated in *Faretta* to the facts of this case.

To the extent LaValle raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk