10-4814-cr
United States v. Yusuf Abdur-Rahman

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand thirteen.

PRESENT:

RALPH K. WINTER,
PETER W. HALL,
  *Circuit Judges,*
ALVIN K. HELLERSTEIN,
  *Senior District Judge.\**

_____

THE UNITED STATES OF AMERICA,

                                    *Appellee*,

            v.                                                    No. 10-4814-cr

YUSUF ABDUR-RAHMAN,

                            *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:           DANIEL MATTHEW PEREZ, Law Offices of Daniel M.
                                   Perez, Newton, New Jersey.

_____

\* The Honorable Alvin K. Hellerstein, United States Senior District Judge for the Southern District of New York, sitting by designation.

FOR APPELLEE:                                    RACHEL P. KOVNER, Justine S. Weddle, *of counsel*, Assistant United States Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered on November 17, 2010 is **AFFIRMED**.

A jury found Yusuf Abdur Rahman guilty of executing and attempting to execute a scheme to defraud Medicaid in violation of 18 U.S.C. § 1347 and 2; committing access device fraud by using New York State Benefit identification cards issued to others to fraudulently obtain Medicaid benefits in violation of 18 U.S.C. § 1029(a)(5) and 2; acquiring and obtaining controlled substances by misrepresentation, fraud, forgery, deception and subterfuge in violation of 21 U.S.C. § 843(a)(3); aggravated identity theft in relation to health care fraud; and access device fraud in violation of 18 U.S.C. §§ 1028A and 2. Rahman was sentenced to a term of 101 months' imprisonment. In his counseled brief, Rahman raises three issues for review. He first challenges the district court's appointment of counsel despite his request for self-representation in violation of the Sixth Amendment of the Constitution. Second, he argues that the district court similarly erred in denying his motion to proceed *pro se* at sentencing. Third, he further contends that his second appointed counsel was ineffective in failing to press, on Rahman's behalf, Rahman's request for self-representation. Rahman also filed a *pro se* brief in which he raises eight additional issues for review. In a separate opinion filed simultaneously with this order, we address Rahman's *pro se*

challenge to the district court's jury instruction concerning whether health care fraud is a predicate offense under 18 U.S.C. § 1028A.

We assume the parties' familiarity with the factual background and issues on appeal, elaborating only where necessary to explain our decision affirming the judgment of the district court.

I.     **Right to Self-representation**

A.     Before and During Trial

The right to self-representation is unqualified if invoked before the start of trial. *U.S. ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir. 1965). This right derives not from statute but from the United States Constitution. *Id.* at 15; *see also Faretta v. California*, 422 U.S. 806 (1975) (holding that under the Sixth Amendment, the accused is guaranteed the right of electing to represent himself). A criminal defendant may proceed *pro se* if he "knowingly, voluntarily, and unequivocally" waives his right to appointed counsel. *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir. 1994).

At the time of Rahman's arrest, Assistant Federal Defender Martin Cohen was assigned to represent Rahman. During Rahman's arraignment on May 5, 2009, Rahman asked the court to replace Cohen with other counsel. The court appointed CJA counsel, Kafahni Nkrumah**.** One week later, on May 12, 2009, Rahman wrote a letter to the court asking that Atty. Nkrumah be replaced because "[he] need[ed] someone older with experience." During the May 19, 2009 bail hearing, the district court urged Rahman to give Atty. Nkrumah "a chance" and declined to act on Rahman's request at that time. On May 28, 2009, Rahman sent a letter to the court stating that Nkrumah's performance was inadequate and moved to proceed *pro se*.

3

The district court held a conference and, at the suggestion of Atty. Nkrumah, ordered a competency evaluation of Rahman. On July 20, 2009, Atty. Nkrumah filed a motion to withdraw as counsel and asked the court to appoint new counsel in his place.

On July 30, 2009, the district court held a hearing to discuss the status of Rahman's case. During the hearing, the district court granted Atty. Nkrumah's motion, held that Rahman was competent, appointed Charles Hochbaum to represent Rahman, and cautioned Rahman that Atty. Hochbaum would be his last court-appointed lawyer. Rahman did not object to the appointment of Hochbaum nor did he reassert his desire to proceed *pro se*. On appeal, Rahman argues that the district court erred when it failed to consider his request to proceed *pro se* and instead appointed substitute counsel.

Under the circumstances presented we are not persuaded that Rahman's request was unequivocal. Although clearly styled as a motion for self-representation, Rahman's letter in support of the motion reiterated the same concerns he expressed in his motion to replace Atty. Nkrumah, i.e., Rahman's dissatisfaction with the outcome of the bail hearing and his belief that Atty. Nkrumah lacked the experience necessary to represent Rahman. Those concerns were further shared with the psychologist evaluating Rahman, to whom Rahman expressed the view that his first preference was for new counsel rather than proceeding *pro se*. We recognize that generally "a defendant is not deemed to have equivocated in his desire for self-representation merely because he expresses that view in the alternative, simultaneously requests the appointment of new counsel, or used it as a threat to obtain private counsel," *Williams*, 44 F.3d at 100. Here, however, Rahman's prior and unresolved motion for new counsel, coupled with his repeated complaints about Atty. Nkrumah and his expressed wish for substitute counsel, evinced a desire

4

not to represent himself but instead to have the district court appoint new counsel. *Compare Wilson v. Walker*, 204 F.3d 33 (2d Cir. 2000) (defendant's *repeated* requests to proceed *pro se*, notwithstanding the appointment of new counsel, indicated a clear desire to invoke the right to self-representation); *see also LaValle v. Artus*, 403 Fed. Appx. 607, 609 (2d Cir. 2010) (summary order) (request to proceed *pro se* at trial was not unequivocal where defendant expressed dissatisfaction with current counsel's trial strategy, stated that he wished to remain represented by counsel, and that self-representation was his "last option.").

Even if Rahman's request to represent himself was sincere and unequivocal at the time made, his subsequent statements to the evaluator and his acceptance, without objection, of Atty. Hochbaum as trial counsel indicated that he was vacillating on the issue or had abandoned his request altogether. *Wilson*, 204 F.3d at 37; *see also Williams*, 44 F.3d at 99–100 (citing *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (waiver when, after initial request to proceed *pro se*, defendant asked counsel to continue representation and then, once again, requested to proceed *pro se* on the third day of trial)); *United States v. Bennett*, 539 F.2d 45 (10th Cir. 1976). Accordingly, on this record we conclude that Rahman's request was not clear and unequivocal and therefore the district court did not err in granting Rahman's May 12, 2009 motion to replace Atty. Nkrumah. *See United States v. Purnett*, 910 F.2d 51, 55 (2d Cir. 1990) ("'[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights[.]") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *see also United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) ("[W]e must ascribe a constitutional primacy to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation." (internal quotation marks omitted)).

B.    Sentencing

Rahman also asserts that the district court erred in denying his motion for self-representation with respect to sentencing.   It is well accepted that a defendant who exercises his right to appear *pro se* is not permitted to complain later about the quality of his own defense or raise an ineffective assistance of counsel claim.   *McKaskle v. Wiggins*, 465 U.S. 169, 177 n.8 (1984) (citing *Faretta*, 422 U.S. at 834, n.46).   The record reveals that Rahman was unwilling to waive a claim of ineffective assistance of counsel from the point of self-representation forward. Accordingly, we find no error with the district court's denial of Rahman's motion.

**II.    Ineffective Assistance of Counsel**

Rahman next argues that Atty. Nkrumah provided ineffective assistance of counsel in moving to withdraw and requesting the appointment of substitute counsel rather than pressing Rahman's motion for self-representation.   Rahman also challenges Atty. Nkrumah's suggestion, in the first instance, that Rahman undergo a competency evaluation.   Under the familiar *Strickland* standard, Atty. Nkrumah's request for substitute counsel was not objectively unreasonable and did not adversely affect the proceedings.   *Strickland v. Washington*, 466 U.S. 668, 688 (1984).   Furthermore, we take no issue with the request for a competency hearing, 18 U.S.C. § 4241, and conclude that the district court, in continuing to have Rahman represented by counsel until the resolution of the competency determination, acted within its discretion.   *Purnett,* 910 F.2d at 54–55.

**III.    Rahman's *Pro Se* Appeal**

Rahman, in his *pro se* brief, raises eight additional issues for review.   Rahman argues that Congress has not authorized cumulative punishment for violating federal health care statutes; all

6

four counts of the indictment are multiplicitous and violate the Fifth Amendment; he was deprived of his right to a speedy trial; the court lacked subject matter jurisdiction over his case because the defrauded Medicaid program was not a federal health care program; the district court was biased; the jury instructions were erroneous; the evidence produced at trial was insufficient to convict on counts 2 and 4 of the indictment; and the district court abused its discretion in imposing certain sentencing enhancements.

We review *de novo* a preserved claim that the charges were multiplicitous. *United States v. Mejia*, 545 F.3d 179, 204 (2d Cir. 2008). Multiplicity is found where an indictment "charges in separate counts two or more crimes, when in law and fact, only one crime has been committed," *United States v. Handakas*, 286 F.3d 92, 97 (2d Cir. 2002) (overruled on other grounds). We consider "whether each [count] requires proof of a fact which the other does not." *United States v. Finley*, 245 F.3d 199, 205 (2d Cir. 2001) (internal quotation marks omitted); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932). The charges of conviction are not multiplicitous and do not result in a violation of the Constitution's double jeopardy clause. The counts charged in the indictment—health care fraud, access device fraud, and obtaining controlled substances by fraud—each required proof of at least one fact that the others did not. 18 U.S.C. § 1347; 18 U.S.C. § 1029(a)(5); 21 U.S.C. § 843(a)(3). Nor does the charge of aggravated identity theft violate the double jeopardy clause because cumulative punishment is authorized for that crime. *See* 18 U.S. § 1028A(a)(1) and (c); *see also Flores-Figueroa v. United States*, 556 U.S. 646, 648 (2009).

Rahman has not identified a Speedy Trial Act violation. We review for abuse of discretion the district court's determination that the ends of justice warrant the exclusion of time in

7

the calculation of mandated time frames. *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1197–98 (2d Cir. 1989). Each instance that the district court excluded time, the exclusion was either consented to or within the court's discretion upon a finding that the ends of justice were served by taking such action. That determination is entrusted to the court, not the parties, *Parisi v. United States*, 529 F.3d 134, 140 (2d Cir. 2008), and we hold that the district court did not abuse its discretion in excluding time, notwithstanding Rahman's objection, to allow for production and discovery, to resolve the matter of Rahman's competency, and to enable new defense counsel to prepare pre-trial motions.

Rahman also challenges the sufficiency of the evidence produced at trial to demonstrate his guilt on the charges of health care fraud and access device fraud. Upon our independent review of the trial record, we conclude that there was ample evidence to sustain the jury's verdict on each count. *See United States v. Gagliardi*, 506 F.3d 140, 149–50 (2d Cir. 2007).

We have considered Rahman's remaining claims regarding his arrest, the district court's jurisdiction and alleged bias, and his challenges to the sentence imposed, and we determine that each is without merit. For the reasons stated above and in the accompanying per curiam opinion, the judgment of conviction is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8