16-418-cr
United States v. Ritter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
           RICHARD C. WESLEY,
           CHRISTOPHER F. DRONEY,
               *Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
           *Appellee*,

        v.                             No. 16-418-cr

JEFFERY RITTER,
           *Defendant-Appellant.*

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | BRENDAN WHITE, White & White, New York, NY. |
| FOR APPELLEE: | RYAN C. HARRIS, Assistant United States Attorney (David C. James, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a February 4, 2016 judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jeffery Ritter appeals his sentence imposed by the district court after his conviction of violating 18 U.S.C. § 2250 for failure to register as a sex offender. The district court sentenced Ritter to a term of 60 months' imprisonment, consecutive to his sentence for underlying New York state convictions for committing a criminal sexual act, robbery, assault, and sexual abuse. On appeal, Ritter argues that his plea was not knowing and voluntary due to ineffective assistance of counsel. He contends that his attorney was constitutionally ineffective by failing to object to the purportedly improper calculation of his U.S. Sentencing Guidelines range in the plea agreement (as well as at sentencing). Specifically, Ritter argues that the Guidelines calculation erroneously considered one of his prior Nebraska state convictions as qualifying him as a Tier III sex offender under 42 U.S.C. § 16911, rather than as a Tier I sex offender (resulting in an increase of four levels to his base offense level under the U.S. Sentencing Guidelines).

According to Ritter, the calculation of the Guidelines range in the plea agreement should have been performed using the "categorical approach" to the state crime of first degree sexual assault to determine whether he was properly assigned Tier III status. Instead, it allegedly looked to the facts underlying the prior state conviction in Nebraska to determine whether or not the crime corresponded to a Tier III offense under 42 U.S.C. § 16911. Ritter also contends that his federal sentence must run concurrently to his New York state sentence under § 5G1.3 of the U.S. Sentencing Guidelines. The government argues that Ritter has waived his right to this appeal, that his counsel was not ineffective, that the Guidelines do not require concurrent terms in this situation, and that the district court properly exercised its discretion in imposing consecutive terms. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. <u>Ritter's Ineffective Assistance of Counsel Claim and Appeal Waiver</u>

A threshold question is whether Ritter has waived his right to appeal his sentence, and whether that waiver is unenforceable as a result of ineffective assistance of counsel. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). However, we recognize an exception to the presumptive enforcement of appellate waivers: a waiver in a plea agreement "does not . . . act as a waiver against an appeal on the basis that the plea itself, including the waiver, was not intelligent or voluntary." *United States v. Roque*, 421 F.3d 118, 121 (2d

Cir. 2005). In seeking this exception through an ineffective assistance of counsel claim, "the [defendant] must show that the plea agreement was not knowing and voluntary . . . because the advice he received from counsel was not within acceptable standards." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (internal citations and quotation marks omitted).

Ritter entered into a plea agreement with the government on September 24, 2015. The plea agreement contained a provision that stated "[t]he defendant agrees not to file an appeal . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 87 months or below." Appellant's App'x 18. The plea agreement also stated that "[i]f the Guidelines offense level . . . determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate [given in the plea], the defendant will not be entitled to withdraw the plea . . . ." *Id.*

Ritter contends that his counsel should have objected to the plea agreement on the basis that his Guidelines range was calculated incorrectly by relying on his erroneous Tier III designation. Based on that Tier III designation, the plea agreement and the PSR included a calculation of Ritter's Guidelines range using a base offense level of 16, which corresponds to the base offense level for a conviction under 18 U.S.C. § 2250 committed by a Tier III sex offender. As part of his claim here, Ritter argues that a "categorical approach" to analyzing the qualifying Nebraska state conviction would have resulted in a lower Tier designation and thus a reduced Guidelines range. To the extent Ritter attempts on this appeal to lodge a direct attack on the District Court's Guidelines calculation, such attack is clearly barred by the appeal waiver. *See Arevalo*, 628 F.3d at 98.

Ritter indirectly contends that but for his counsel's alleged miscalculation of his status as a Tier III offender (and his resulting Guidelines range in the agreement, the PSR, and at sentencing, to which counsel did not object), he would not have accepted the plea agreement with its waiver of appeals for sentences less than 87 months. *See* Appellant's Br. 9-10. When faced with a claim for ineffective assistance of counsel on direct appeal, we may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. DeLaura*, __F.3d __, 2017 WL 2407756, at *4 (2d Cir. June 5, 2017). We are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004). This is because, as the Supreme Court has noted, such claims "ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation . . . ." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

3

Because an ineffective assistance of counsel claim survives the appeal waiver only where the claim concerns "the advice [the defendant] received from counsel," *Parisi*, 529 F.3d at 138, the resolution of Ritter's contention depends on factual findings. Here, Ritter's ability to challenge his Guidelines calculation based on his allegedly erroneous Tier III status (the real gravamen of his appeal) in spite of his appellate waiver depends on the advice he received from counsel in the process of accepting his plea.[1] *See id.* Absent sufficient evidence on the record for this Court to determine the merits of the ineffective assistance claim, we find it "appropriate to enforce the appeal waiver and dismiss the appeal." *U.S. v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004). An ineffective assistance of counsel claim is best brought before the district court and our decision here does not foreclose Ritter from reasserting his claims in a collateral proceeding pursuant to 28 U.S.C. § 2255.[2] *See Massaro*, 538 U.S. at 505.

## 2. Concurrency of Sentences

Ritter next contends that the district court should have ordered his federal sentence to run concurrently with his previously-imposed New York state sentence pursuant to U.S.S.G. § 5G1.3 because the state sentence was imposed for another offense that was relevant conduct to the federal offense under the U.S. Sentencing Guidelines. Ritter did not expressly waive his right to appeal the concurrency of the sentences, and defense counsel objected to the imposition of consecutive sentences at sentencing. We therefore review the district court's application of U.S.S.G. § 5G1.3(d) *de novo*, and the resulting imposition of consecutive sentences for an abuse of discretion. *United States v. Brennan*, 395 F.3d 59, 66 (2d Cir. 2005).

The district court did not err in applying U.S.S.G. § 5G1.3(d), and did not abuse its discretion in requiring Ritter's 60-month federal sentence to run consecutively to his 15-year state sentence. Section 5G1.3(b) of the U.S. Sentencing Guidelines (which requires concurrent sentences) applies only in situations "in which *all* of the prior offense is relevant conduct." U.S.S.G. § 5G1.3 cmt. n.2(A) (emphasis added). "Cases in which only part of the prior offense is relevant conduct to the instant offense are covered under subsection (d)." *Id.* Under § 5G1.3(d), the district court has discretion to impose a sentence concurrently or consecutively, as it chooses. *See* § 5G1.3(d). The state court imposed Ritter's 15-year sentence for his conviction on five offenses, only two of which

---

[1] We express no view on whether the categorical approach applies to the federal sexual abuse statutes, 18 § 2241 *et seq.*, or on whether the Nebraska statute under which Ritter was convicted corresponds to a Tier I, II, or III offense.
[2] Our ruling to this effect is not based on any conclusions about the merits of Ritter's potential § 2255 claims even as to those that challenge the plea agreement process. *See Parisi*, 529 F.3d at 139.

were relevant conduct for his federal offense. Therefore, subsection (d) applies, and the district court did not abuse its discretion in ordering the sentences to run consecutively, as it is clear from the record that the district court considered the appropriate factors in making that decision.

### 3. Conclusion

For the foregoing reasons, we dismiss Ritter's claim of ineffective assistance of counsel. We further conclude that the district court did not err in determining its discretion to impose consecutive sentences nor abuse its discretion in imposing consecutive sentences. We have considered Ritter's remaining arguments and conclude that they are without merit. We therefore DISMISS the appeal as to ineffective assistance of counsel and AFFIRM the judgment of the district court as to consecutive sentences.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court