15-751-cr
United States v. DiBiase (Paul)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         RALPH K. WINTER,
         DENNIS JACOBS,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    15-751-cr

PAUL DIBIASE,
         <u>Defendant-Appellant</u>,

DANIEL DIBIASE,
         <u>Defendant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:                Benjamin Allee, Karl Metzner,
                             Assistant United States
                             Attorneys, <u>for</u> Preet Bharara,
                             United States Attorney for the

1

Southern District of New York, New York, New York.

**FOR APPELLANT:** Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, New Jersey.

Paul DiBiase, pro se, Butner, North Carolina (supplemental and reply briefs).

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the amended judgment of the district court be **AFFIRMED**.

Paul DiBiase appeals from the amended judgment of conviction following his guilty plea in the United States District Court for the Southern District of New York (Ramos, J.), for crimes related to a string of home invasion robberies and burglaries. Pursuant to a plea agreement, DiBiase pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One) and being a felon in possession of a firearm as an Armed Career Criminal in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Two). DiBiase was sentenced to a total of 324 months' imprisonment (240 months on Count One, and 324 months on Count Two, to run concurrently). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

DiBiase's plea agreement stipulated that his Sentencing Guidelines range was 292 to 365 months' imprisonment, and he agreed not to appeal any sentence within or below that range. With limited exceptions, "[a] defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable." United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009). Even a knowing and voluntary appellate waiver may be unenforceable if the government breached the plea agreement; if the sentence was based on ethnic, racial, or other constitutionally-prohibited biases; or if the court failed to communicate any rationale for the defendant's

2

sentence. United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

**1.** DiBiase argues that his plea as to Count Two was not knowing and voluntary because of two alleged violations of Federal Rule of Criminal Procedure 11(b). Since DiBiase did not object to the alleged violations below, the claim is reviewed for plain error.[1] DiBiase cannot show error, much less satisfy the plain error standard.

First, as the district court determined, there was a sufficient factual basis for DiBiase's plea as to Count Two (felon-in-possession): DiBiase confirmed the government's description of the offense conduct, including the use of a firearm in connection with the home invasions; he described the same in his own words; he attested that the firearm was available to him during the course of the robberies; and he admitted that he had prior felony convictions. See Fed. R. Crim. P. 11(b)(3).

Second, the district court properly informed DiBiase that a conviction on Count Two carried a fifteen-year mandatory minimum term of imprisonment, pursuant to the contemplated § 924(e) sentencing enhancement. See Fed. R. Crim. P. 11(b)(1)(I) (the district court must inform defendant of and ensure he understands "any mandatory minimum penalty"). Assuming that, at sentencing, the district judge agreed that DiBiase's prior felonies constituted ACCA predicates, that mandatory minimum would apply. Contrary to DiBiase's argument, it would have been error under the circumstances for the district court *not* to ensure that DiBiase was aware of this mandatory minimum, so that his decision to plead guilty was fully informed.[2]

---

[1] "Plain error review requires a defendant to demonstrate that '(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings.'" United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012) (quoting United States v. Flaharty, 295 F.3d 182, 195 (2d Cir. 2002)).

[2] Furthermore, DiBiase cannot reasonably establish that but for being informed that a fifteen-year mandatory minimum applied he would not have pled guilty to Count Two. See

**2.** DiBiase's <u>pro se</u> supplemental and reply briefs argue principally that the government's sentencing advocacy breached the plea agreement. "We review interpretations of plea agreements <u>de novo</u> and in accordance with principles of contract law." <u>United States v. Riera</u>, 298 F.3d 128, 133 (2d Cir. 2002). Ambiguities are resolved in the defendant's favor. <u>Id.</u> "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement . . . ." <u>United States v. Lawlor</u>, 168 F.3d 633, 636 (2d Cir. 1999) (internal quotation marks omitted).

The government agreed not to seek "an upward departure from" the stipulated Guidelines range; but the plea agreement permitted the government to "seek a sentence outside" that range based upon the 18 U.S.C. § 3553(a) factors, to recommend where within that range (or any other range as determined by the district court) DiBiase should be sentenced, and to present any facts relevant to sentencing. App'x of Appellant at 27. The government's sentencing advocacy was entirely in keeping with this agreement.

**3.** To the extent that DiBiase argues that he received ineffective assistance of counsel in entering into the plea agreement (or otherwise),[3] we decline to address these issues on direct appeal. DiBiase may raise these claims in a collateral proceeding. See <u>United States v. Oladimeji</u>, 463 F.3d 152, 154 (2d Cir. 2006) ("Where the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal,

---

<u>United States v. Vaval</u>, 404 F.3d 144, 151 (2d Cir. 2005). If anything, a defendant would be expected to be more likely, not less, to plead guilty in the absence of a mandatory minimum sentence. Furthermore, DiBiase received substantial benefits in exchange for his guilty plea: The government dropped one charged firearms count and forwent charging additional counts that together would have carried mandatory consecutive sentences of 30 years or more (on top of the sentence imposed on Counts One and Two).

[3] See <u>Parisi v. United States</u>, 529 F.3d 134, 139 (2d Cir. 2008) (claim that attorney was ineffective in advising defendant to accept plea agreement survives appellate waiver).

4

but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255."); <u>United States v. Morgan</u>, 386 F.3d 376, 383 (2d Cir. 2004).

**4.** DiBiase's challenges to the district court's calculation of his Guidelines range and to his sentence are foreclosed by the appellate waiver, and we therefore do not reach them. <u>See</u> <u>Morgan</u>, 386 F.3d at 380-82.

For the foregoing reasons, and finding no merit in DiBiase's other arguments, the amended judgment of the district court is **AFFIRMED**.

The district court is **DIRECTED** to further amend the amended judgment to correct a typographical error as to Count Two. As indicated in this Summary Order, DiBiase pleaded guilty to violating 18 U.S.C. §§ 922(g) and 924(e). The amended judgment for that count cites "18 U.S.C. § 924(c)(2)(A)(ii)"--a section that does not exist.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK