20-2475
*DiBiase v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

———————————————————————

PAUL DIBIASE,

> *Petitioner-Appellant,*

> v.                                                    No. 20-2475

UNITED STATES OF AMERICA,

> *Respondent-Appellee.**

———————————————————————

*The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                                          MALVINA NATHANSON, Esq., New York,
                                                        NY.

FOR APPELLEE:                                           WON S. SHIN (Stephanie Simon, *on the
                                                        brief) for* Damian Williams, United States
                                                        Attorney for the Southern District of
                                                        New York, New York, NY.

Appeal from an order of the United States District Court for the Southern

District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the order entered on May 29, 2020, is

**AFFIRMED.**

Defendant Paul DiBiase appeals the district court's denial of his petition

for relief pursuant to 28 U.S.C. § 2255, in which he argued that (1) an

enhancement to his sentence pursuant to the Armed Career Criminal Act

("ACCA"), 98 Stat. 2185 (1984), as revised, was invalid because it was based on

one or more predicate offenses that do not qualify as crimes of violence and

(2) he was ineffectively represented by counsel in connection with his guilty plea

and sentence.  The threshold question is whether collateral review waiver in his

plea agreement precludes his petition.  We assume the parties' familiarity with

the underlying facts, procedural history, and arguments on appeal, to which we

refer only as necessary to explain our decision to affirm.

Pursuant to a plea agreement, on June 20, 2014, DiBiase pled guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); with this charge was joined the specification that DiBiase had previously been convicted of three separate violent felonies, as to which 18 U.S.C. § 924(e) carries a mandatory minimum sentence of fifteen years' imprisonment (Count 2). The agreement included a waiver precluding DiBiase from directly appealing, or seeking collateral review or modification of, any sentence within or below the stipulated Guidelines range of 292 to 365 months' imprisonment.

After the plea hearing, but before sentencing, DiBiase submitted an uncounseled motion in which he challenged whether his Texas burglary conviction was a predicate for the ACCA enhancement. After the government indicated that it would view his challenge as a breach of the plea agreement, subjecting him to prosecution for the charges that the government had withdrawn, DiBiase, with his lawyer's approval, withdrew his motion.

On February 27, 2015, the district court sentenced DiBiase to concurrent terms of 240 months' imprisonment on the conspiracy charge and 324 months' imprisonment on the ACCA-enhanced felon-in-possession charge. On appeal from that judgment, this Court affirmed the conviction and sentence, concluding

3

that DiBiase's acknowledgment of three violent felonies in his plea colloquy provided a factual basis for the conviction on Count 2, as well as that the district court properly advised him that a conviction on that count carried a fifteen-year mandatory minimum sentence. *United States v. DiBiase*, 649 F. App'x 77, 78-79 (2d Cir. 2016) (summary order).

A few months after DiBiase's sentencing, the Supreme Court decided *Johnson v. United States*, striking down as unconstitutionally vague the so-called "residual clause" in ACCA's definition of the term "violent felony." 576 U.S. 591, 594, 601–02 (2015); *see* 18 U.S.C. § 924(e)(2)(B). The Court expressly made its *Johnson* holding retroactive in *Welch v. United States*, 578 U.S. 120 (2016).

In July 2016, DiBiase filed a § 2255 motion challenging his sentence on the ground that, after *Johnson*, at least one of his prior convictions no longer qualified as a violent felony conviction. DiBiase also claimed his counsel was ineffective for failing to challenge the ACCA enhancement and contended that his plea was not knowing and voluntary because he was misinformed that he faced a 15-year mandatory minimum sentence on Count 2 with the ACCA enhancement.

The district court denied the motion. It concluded that DiBiase was bound by his waiver of the right to collaterally challenge his sentence and that counsel was not ineffective in failing to challenge the ACCA sentence enhancement

4

because, at the time of his plea, burglary was a crime of violence under the residual clause. *DiBiase v. United States*, 2020 WL 2793099, at \*4-6 (S.D.N.Y. May 29, 2020). This Court granted DiBiase's request for a certificate of appealability to determine whether his waiver should be enforced.

On appeal from a district court's denial of habeas relief under § 2255, we review the court's legal conclusions without deference and its factual findings for clear error. *Parisi v. United States*, 529 F.3d 134, 137 (2d Cir. 2008).

We construe plea agreements using contract law principles, "but because plea agreements are unique contracts, we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." *United States v. Riggi,* 649 F.3d 143, 147 (2d Cir. 2011).[1] Accordingly, appeal waivers in plea agreements are presumptively enforceable, but we have recognized that a violation of fundamental rights can void an appeal waiver. *Id*. For example, we have held that an appeal waiver may be unenforceable when the waiver was not made "knowingly, voluntarily, and competently" or when the sentence was based on "constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases." *United*

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

*States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). However, exceptions to the general presumption that a waiver is enforceable "occupy a very circumscribed area of our jurisprudence," and this Court has "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Id*.

On appeal, DiBiase argues that the collateral attack waiver does not apply to his challenge to his status as an armed career criminal for sentencing purposes because (1) applying the ACCA sentence enhancement when he does not in fact qualify as an armed career criminal would violate his fundamental rights, and (2) counsel was ineffective in connection with his plea and sentencing.

I.     Fundamental Rights

DiBiase argues that his sentence violates his fundamental rights for several reasons. First, he contends that his entry into the plea agreement, with its recognition of the ACCA enhancement, was not knowing and voluntary because of his belief—which he argues was mistaken—that he faced a mandatory minimum sentence of fifteen years. Next, he argues that his sentence was based on "impermissible factors." Finally, he contends that his sentence exceeds the statutory maximum. We reject all three arguments.

DiBiase's first argument falters in light of the relief he requests. In general, "if we are not assured that a defendant's plea was voluntary and knowing, we will not enforce any waivers provided in the related plea agreement." *United States v. Lloyd,* 901 F.3d 111, 118 (2d. Cir. 2018). Count 2 is predicated on allegations that DiBiase was a felon in possession of a firearm; indeed, the allegations were that he had three separate violent felony convictions. The ACCA enhancement is part and parcel of Count 2, to which he pled guilty. However, DiBiase does *not* seek vacatur of his *conviction* on Count 2. Counsel confirmed at oral argument that DiBiase seeks an order vacating only his *sentence*, leaving in place his conviction on Count 2 and (presumably) the agreement pursuant to which he pled guilty. The relief DiBiase seeks, which would enable him to maintain the limited exposure his guilty plea gave him while simultaneously challenging a sentence within the agreed-upon range on the basis of factors expressly included in the plea, does not match his argument.[2] If he contends that his plea was involuntary, he should seek vacatur of his conviction and withdrawal of his plea, not vacatur of his sentence only.

---

[2] We express no opinion as to whether the appeal waiver would have effect in the context of a challenge to DiBiase's *conviction* on Count 2.

7

Moreover, in January 2015, after DiBiase raised a challenge to his designation as an armed career criminal, he withdrew that challenge and opted to proceed to sentencing within the framework of his plea agreement. This history undermines his claim that his plea was involuntary because he was unaware of a possible challenge to his status as an armed career criminal.

Second, we reject the argument that DiBiase was sentenced on the basis of constitutionally impermissible factors. We have invoked that exception to the general enforceability of appeal waivers where sentences have been infected by such egregious factors as "ethnic, racial or other prohibited biases." *See Gomez-Perez*, 215 F.3d at 319. The exception is not so broad, however, as to sweep in any factor considered in sentencing that renders the sentence legally infirm; otherwise, the exception would swallow up our holdings enforcing waivers "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Id*. at 319. *See also Sanford v. United States*, 841 F.3d 578, 581 (2d Cir. 2016) (enforcing collateral attack waiver with respect to challenge that sentence was based in part on residual clause of Guidelines § 4B1.2(a)(2) rendered unconstitutional by *Johnson*).

Insofar as DiBiase argues he was improperly sentenced because of his status as an armed career criminal, we cannot conclude that the "sentence was reached in a manner that the plea agreement did not anticipate," *Riggi*, 649 F.3d at 148, because DiBiase pled guilty to being a felon in possession of a weapon who had been convicted of three violent felonies.

Finally, we reject DiBiase's argument that we should decline to enforce his waiver because his sentence exceeds the statutory maximum for a felon in possession *without* the ACCA enhancement. *See* 18 U.S.C. § 924(a)(8). Again, DiBiase's argument mixes conviction apples and sentencing oranges. DiBiase does not ask us to set aside his conviction on Count 2 and does not seek to withdraw his plea of guilty to that count. His real dissatisfaction is with the conviction he does not challenge. Because his conviction stands, his sentence is *not* in excess of the applicable statutory maximum. *See* 18 U.S.C. § 924(e).

II.    <u>Ineffective Assistance of Counsel</u>

For similar reasons, we reject DiBiase's argument that counsel was ineffective in the context of the plea agreement and sentencing.

The *reason* a collateral attack waiver does not necessarily bar a claim of ineffective assistance of counsel in connection with a plea agreement is that if a defendant enters into a plea agreement on the basis of deficient legal advice, the

9

agreement may not be "knowing and voluntary." *Parisi*, 529 F.3d at 138. But as set forth above, DiBiase does not seek to withdraw from the plea agreement; he just seeks a different sentence within the framework of that agreement. *See also United States v. Monzon*, 359 F.3d 110, 118 (2d Cir. 2004) (enforcing appeal waiver where defendant claimed ineffective assistance of counsel but challenged only her sentence and did not seek to withdraw her guilty plea).

Moreover, even if DiBiase could show that counsel's advice was deficient, he has not shown a reasonable probability that he would have rejected the plea deal and insisted on going to trial had he been properly counseled. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Through the plea agreement, DiBiase limited his likely sentencing exposure by avoiding mandatory consecutive sentences spanning decades on top of the sentences for the two counts to which he pled guilty. *See DiBiase*, 649 F. App'x at 79 n.2. Pleading guilty unquestionably "gained him a benefit in the form of more lenient sentencing." *Chhabra v. United States*, 720 F.3d 395, 408 (2d Cir. 2013).

And because DiBiase expressly declined to pursue the very claim he now advances on collateral review, we cannot conclude that he was prejudiced by any alleged deficiency in counsel's representation in connection with his guilty plea.

Nor can he overcome the collateral attack waiver on the basis of counsel's alleged failure to challenge the ACCA enhancement at *sentencing,* because whether DiBiase voluntarily entered into the plea agreement in June 2014 cannot depend on the quality of counsel's performance at sentencing in February 2015. *See United States v. Djelevec*, 161 F.3d 104, 107 (2d Cir. 1998) (holding that ineffective-assistance claim with respect to sentencing was really a challenge to the correctness of the sentence under the Guidelines and was therefore barred by the plain language of the waiver).

For the above reasons, we agree with the district court's determination that DiBiase waived his right to collaterally attack his sentence.

We have considered DiBiase's remaining arguments and conclude that they are without merit.  Therefore, the District Court's order is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11